## *In re* EMMONS AVENUE.

*(Supreme Court, General Term, Second Department. June 25, 1888.)*

1. HIGHWAYS—ESTABLISHMENT—JURISDICTION OF COMMISSIONERS.

Under Laws N. Y. 1875, c. 482, as amended by Laws 1881, c. 554, empowering the board of supervisors in certain counties to authorize the establishment of a grade for streets and avenues which have been mapped out, and the laying out and opening of the same, one whose land is within the district established by the board in accordance with that act cannot object that the commissioners appointed to lay out the street have no jurisdiction over his land.

2. SAME—ASSESSMENT BY COMMISSIONERS—HOW CHANGED.

Under such act the commissioners appointed are to fix the amount of the assessment of each piece of property within the district prescribed by the board, and the court will not disturb the assessment except when it appears that there has been some misapprehension or misconduct, or the adoption of some improper rule of law.

Appeal from special term, Kings county; WILLARD BARTLETT, Justice.

Appeal by John G. Schumaker. Laws 1875, c. 482, as amended by Laws 1881, c. 554, confer upon boards of supervisors power "to authorize, in any county containing an incorporated city of 100,000 inhabitants or upwards, when any territory within such county and beyond the limits of such city has been mapped out into streets and avenues, in pursuance of law, the establishment of a plan for the grades of such streets and avenues, the laying out, opening, grading, construction, closing, and change of line of any one or more of them, to provide for the estimation and award of the damages to be sustained, and for the assessment on property to be benefited thereby, and fixing assessment district therefor, the levying, collection, and payment of the amount of such damages, and of all other charges and expenses to be incurred, or which may be necessary in carrying out the provisions of this subdivision."

*William G. Cook,* for appellant. *C. Fergueson, Jr.,* for respondent.

DYKMAN, J. This was a proceeding to open a street laid out by a town survey commission of 1867, under an act of the legislature delegating certain powers to the board of supervisors. Under that law the board fixes the district of assessment, after which commissioners are appointed by the supreme court, who are required to view the premises, examine the grounds, hold public meetings, and fix the assessment of each piece of property within the assessment district so prescribed by the board of supervisors. Then, by the same law, the commissioners present their report to the court for confirmation. They are not required to take testimony, but parties desiring to object to the report must file written statements of such objections, with the statement of the manner in which such report should be corrected, and on such papers the court decides the motion for confirmation of their report. That law was complied with in this proceeding. The commissioners heard all the parties, and made their assessment, and their report was noticed for confirmation. It was opposed by the appellant, but was confirmed by the court; and this appeal is taken from such confirmation. The appellant raises an objection to the jurisdiction of the commissioners over his land, but, as the same was included within the assessment district prescribed by the board of supervisors, the objection cannot be sustained. The other objections to the report related to the amount of the assessment against the property of the appellant, and also the property of another owner, but the amount of assessments in cases like the present are so clearly and peculiarly within the jurisdiction and control of the commissioners, who view the premises, and obtain information in various ways, which is not laid before the appellate tribunal, that such conclusions are seldom disturbed, except when it appears that there has been some misapprehension or misconduct, or the adoption of some improper rule of law. The order appealed from should therefore be affirmed, with $10 costs.